**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4214**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

STEPHEN TUCCIARONE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   John A. Gibney, Jr., District Judge.  (3:05-cr-00085-JAG-1)

Submitted:  October 25, 2013          Decided:  May 22, 2014

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Richmond, Virginia, for Appellant.   Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Tucciarone appeals the district court's judgment revoking his supervised release and sentencing him to thirty-six months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by imposing a thirty-six month sentence. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory range and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "In determining whether a sentence is plainly unreasonable, we first decide whether the sentence is unreasonable[,] . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences . . . ." Id. at 438. But we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court properly calculates the U.S. Sentencing Guidelines Manual Chapter Seven advisory policy statement range

2

and explains the sentence adequately, after considering the policy statements and applicable 18 U.S.C. § 3553(a) (2006) factors. 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 439. We recently held that the "mere reference to [inapplicable § 3553(a) factors] does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013). A revocation sentence is substantively reasonable if the district court states a proper basis for the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence unreasonable must we decide if it is plainly so. Moulden, 478 F.3d at 657.

Counsel does not claim that Tucciarone's sentence is procedurally unreasonable. Rather, counsel questions its substantive reasonableness, citing the district court's failure to "appropriately weigh . . . Tucciarone's history and characteristics" and its reliance on factors, including Tucciarone's "lack of respect for the law" and the seriousness of the offenses, that are not specified in § 3583(e). See Crudup, 461 F.3d at 439 ("[N]ot all the original sentencing factors of § 3553(a) can be considered [in imposing] a revocation sentence.").

3

We are not persuaded. Our review of the record before us confirms that the district court was primarily motivated to impose Tucciarone's thirty-six month revocation sentence, which is above the policy statement range but within the statutory maximum, because Tucciarone breached the court's trust. A defendant's breach of trust is "a perfectly appropriate basis—and, in fact, the principal basis on which the Guidelines encourage courts to ground revocation sentences." United States v. Bennett, 698 F.3d 194, 202 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013). Given the district court's broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum, we conclude that Tucciarone's revocation sentence is not substantively unreasonable. Crudup, 461 F.3d at 439.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Tucciarone, in writing, of the right to petition the Supreme Court of the United States for further review. If Tucciarone requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tucciarone.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>